AB:JOE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - X

| | |
|---|---|
| UNITED STATES OF AMERICA | COMPLAINT |
| - against - | (21 U.S.C. § 846) |
| DONOVAN WAYNE GUY, | 22-MJ-950 |
| Defendant. | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

EASTERN DISTRICT OF NEW YORK, SS:

DAVID CLARK, being duly sworn, deposes and states that he is a Special Agent with the United States Department of Homeland Security, Homeland Security Investigations, duly appointed according to law and acting as such.

On or about August 30, 2022, within the Eastern District of New York and elsewhere, the defendant DONOVAN WAYNE GUY together with others, did knowingly and intentionally attempt to possess with the intent to distribute a controlled substance, which offense involved 500 grams or more of a substance containing cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(ii)(II).

(Title 21, United States Code, Section 846)

The source of your deponent's information and the grounds for his belief are as follows:[1]

1. I am a Special Agent with the United States Department of Homeland Security, Homeland Security Investigations ("HSI") and have been involved in the investigation of numerous cases involving narcotics trafficking. I am familiar with the facts and circumstances set forth below from my participation in the investigation; my review of the investigative file, including the defendant's criminal history record; and from reports of other law enforcement officers involved in the investigation.

2. On or about August 26, 2022, HSI received notification from the United Parcel Service ("UPS") about a UPS package ("Subject Parcel") that had suspicious indicators of drug smuggling activity, including expensive overnight shipping, and the fact that it was being shipped from a location in California where many narcotics packages originate. Exercising the rights under its terms of service to inspection, a UPS employee opened the Subject Parcel and discovered translucent wrapping that contained six brick-shaped bundles that were consistent with the packaging of narcotics. The UPS employee then contacted HSI regarding the Subject Parcel and provided the already-opened parcel to HSI.

3. On the same day, a Customs and Border Protection officer (the "CPB Officer"), who is a certified narcotics detection canine handler, inspected the Subject Parcel. The CBP Officer exposed the Subject Parcel to his trained canine for inspection and review.

---

[1] Because the purpose of this Complaint is to set forth only those facts necessary to establish probable cause to arrest, I have not described all the relevant facts and circumstances of which I am aware.

3

The trained canine, Alex,[2] reacted to the Subject Parcel by sitting near it. The CBP Officer informed me that the canine's reaction of sitting near the Subject Parcel indicated a positive alert for the presence of controlled substances. Inside the Subject Parcel were six sealed plastic packages containing a white powdery substance. A photograph of two of the six bundles, removed from the box, is below.



4. Law enforcement agents then used a Gemini narcotics field test on the white powdery substance, which yielded positive results for cocaine hydrochloride.

---

[2] I am informed by the CPB Officer that Alex is a German Shepard who originally entered service in December 2015. Alex was last certified in June 2022. Alex is certified to detect the odors of cocaine, crack cocaine, methamphetamines, MDMA, heroin, and fentanyl, and their derivatives. During Alex's training and in order to be certified, he was subjected to numerous objects both containing and not containing narcotics. He was trained to differentiate between them, and to give a positive indication or alert if he detected narcotics odors. Since in or about that time, Alex has received significant additional training in narcotics detection, and has been regularly and successfully used by law enforcement to detect narcotics, including during the inspection of packages. Alex has been involved in numerous searches and has made numerous positive identifications. Alex has generally proven reliable in the field.

5. HSI agents then removed what was believed to be cocaine from the Subject Parcel and replaced it with sham bundles similar in weight to the six seized bundles for a controlled delivery. Law enforcement agents also restored the appearance of the Subject Parcel to disguise the fact that it had been interdicted and opened.

6. On August 29, 2022, law enforcement agents attempted to conduct a controlled delivery of the Subject Parcel at a UPS store in Bayside, New York (the "UPS Store"), which was addressed to "George Remus," but the purported recipient of the Subject Parcel, George Remus, did not pick up the Subject Parcel.

7. On August 30, 2022, law enforcement agents successfully conducted a controlled delivery of the Subject Parcel at the UPS Store to the defendant DONOVAN WAYNE GUY.

8. During a custodial interview, after receiving Miranda warnings and waiving his Miranda rights, DONOVAN WAYNE GUY admitted that he is paid by a co-conspirator ("CC-1") $500 per parcel to receive parcels, including the Subject Parcel, that he believes to contain controlled substances and then gives them to CC-1. DONOVAN WAYNE GUY further admitted that he possessed a fake identification card in the name of George Remus and has previously received parcels addressed to George Remus and then given them to CC-1 in exchange for $500 per parcel.

9. Based on the foregoing facts, I submit that there is probable cause to believe that DONOVAN WAYNE GUY committed violations of 21 U.S.C. § 846

WHEREFORE, your deponent respectfully requests that the defendant DONOVAN WAYNE GUY, be dealt with according to law.

*David Clark*
DAVID CLARK
Special Agent, United States Department of Homeland Security, Homeland Security Investigations

Sworn to before me by ~~telephone~~
this 1st day of September, 2022

THE HONORABLE VERA M. SCANLON
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK